UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| MARGARET THEVENIN | INDEX NUMBER |
| PLAINTIFF | DATE PURCHASED |
| -AGAINST- | VERIFIED COMPLAINT WITH JURY DEMAND |
| DETECTIVE COOPER (SHIELD NO. 1063) OFFICER MCCOY (105 PCT), AND JOHN DOE 1-10 AND JANE DOE 1-10 | |

_____

Plaintiff Margaret Thevenin, through her attorney Tamara Harris, complains and alleges as follows:

### THE PARTIES

1. Plaintiff Margaret Thevenin resides at 2807 Burroughs Mill Cir., Cherry Hills, NJ 08002.

2. Defendant City of New York maintains a principal place of business at 100 Church Street, New York NY 10007.

3. Detective Cooper and Officer McCoy work out of the 105 precinct 92-08 222nd Street, Queens NY 11428.

### JURISDICTION

4. This court has jurisdiction over this matter because it raises a federal question and there is also diversity of citizenship.

### FIRST CAUSE OF ACTION- DEFENDANTS VIOLATED 42 USC SECTION 1983 IN CAUSING DESTRUCTION TO PLAINTIFF'S PROPERTY (IN CONTRAVENTION OF THE 14TH AMENDMENT) AND IN ENGAGING IN AN

<u>UNLAWFUL SEARCH OF PLAINTIFF'S HOME (IN CONTRAVENTION OF THE 4TH AMENDMENT TO THE US CONSTITUTION)</u>

5. Plaintiff is a retired New York City Department of Corrections Captain.

6. On May 2, 2015 plaintiff Margaret Thevenin owned a private home located at 104-20 214th Street Queens Village New York 11429.

7. On May 2, 2015 multiple members of the New York City Police Department, whose identities are presently unknown (John Doe 1-10 and Jane Does 1-10) were looking for a suspect involved in the shooting of a police officer.

8. Despite the fact the shooting did not take place at plaintiff's home, John Does 1-10 and Jane Does 1-10 broke through plaintiff's garage door; cut the screen of the enclosed sun porch; smashed multiple glass tables; broke furniture; removed dresser drawers and broke dressers and other bedroom furniture; caused broken class from shattered tables to be strewn all over plaintiff's backyard; drilled holes in plaintiff's pool; drained plaintiff's pool; broke the structure of plaintiff's pool; destroyed the lining of the pool; and threw plaintiff's furniture into her pool.

9. The drawers from plaintiff's dressers were discarded by defendants (John and Jane Does 1-10) in plaintiff's pool and found at the bottom of the demolished pool, as was a stepladder from plaintiff's garage, which defendants broke into without a search warrant.

10. Defendants John Does 1-10 and Jane Does 1-10, of the New York City Police Department, literally carried furniture and hurled it into the pool they had structurally damaged.

11. None of this destruction of property had any reasonable connection to capturing an alleged shooter- especially when the shooting was not at plaintiff's home, located at 104-20 214th Street Queens Village 11429, and the malicious demolition of plaintiff's property had no nexus to capturing said criminal.

12. John Does 1-10 never obtained a warrant to search the house; the search was completely unreasonable, unjustified and without probable cause to believe that the level of the destruction of plaintiff's home would be necessary to capture the alleged shooter.

13. Clearly drilling holes plaintiff's pool; shattering plaintiff's glass tables and throwing plaintiff's furniture into her pool, which defendants also damaged- did not facilitate or have any reasonable nexus to capturing an alleged criminal.

14. The conduct of defendants John Doe 1-10 and Jane Doe 1-10 was an outrageous, intentional and malicious act of property destruction, for which no objectively reasonable officer would deem lawful.

15. The 14th amendment right to property and 4th amendment prohibition against unreasonable searches is a clearly recognized right in the Second Circuit and under the US Constitution.

16. All defendants (John Doe and Jane Does 1-10) were law enforcement officials employed by the NYPD, who were acting under color of state law when they illegally entered plaintiffs home without a search warrant and the requisite probable cause to obtain said warrant; and unreasonably damaged and destroyed plaintiff's home, pool, and the property within her home without due process of law.

17. Defendants actions were in contravention of 42 USC Section 1983, as they were state actors acting under the color of state law at the time they infringed on plaintiff's 14th amendment property rights and 4th amendment right against unreasonable searches.

18. The murder suspect who the police were searching for was not inside plaintiff's home and, when ultimately apprehended, was found at a location distinct from plaintiff's home.

19. Plaintiff seeks $263,000 compensatory damages, 5 million dollars emotional damages, and 5 million punitive damages.

SECOND CAUSE OF ACTION- MONELL CLAIM

20. Plaintiff repeats and realleges the aforementioned allegations.

21. On May 22, 2015 at 1:15pm Police Officer McCoy and Detective Cooper (105 precinct shield 1063) appeared at plaintiff's home and verified the damage to plaintiff's property after filing an NYPD Accident report.

22. Plaintiff spoke with Detective Cooper of the 105 precinct on multiple occasions and had several in-person meetings with Detective Cooper at the 105 precinct.

23. Despite Detective Cooper signing a police report that indicated she and PO McCoy observed the damage at the plaintiff's house; two punched holes in plaintiff's pool; several rips in the lining of the pool; and damage to plaintiff's garage door caused by NYPD officers- plaintiff only received false assurances by Detective Cooper that the City would compensate her for the damage they caused.

24. The municipality has never compensated plaintiff for the damage its law enforcement officials caused and this refusal to pay for destruction of property, stemming from the unlawful search and destruction of property, is a condoned policy and practice of the municipality- which has failed to pay plaintiff despite her repeated requests the City compensate her for such damage and the publicity in the press related to the destruction of plaintiff's property during this unlawful search.

25. John Doe 1-10 and Jane Doe 1-10 were municipal actors, who committed the above constitutional violations and torts against the plaintiff, invading her home without a warrant and destroying her property, and that the misconduct resulted from a policy or custom of the municipality allowing warrantless entries and permitting law enforcement officials to maliciously damage and destroy property in the course of these unlawful entries.

26. In addition to a violation of plaintiff's constitutional rights, there exists a municipal policy or custom of engaging in warrantless searches and willful disregard of homeowner's property rights in the boroughs of NYC, that caused plaintiff's injuries, beyond merely employing the misbehaving

        officer[s]; and a causal connection—an affirmative link—between the policy and the deprivation of plaintiff' constitutional rights; to wit the unlawful invasion by NYC law enforcement into plaintiff's home and destruction of her property.

27. This deprivation was a result of government policy and custom.

28. This municipal policy or custom of the NYPD led to the violation of plaintiff's constitutional rights, and the government caused the constitutional deprivations plaintiff suffered by allowing a policy, practice and custom of warrantless searches to go on; and by condoning such behavior and refusing to compensate victims, such a plaintiff for the injury (property damage and depreciation in home value) proximately caused by such misconduct.

29. The NYC Police Department has engaged in a widespread practice of unlawful searches and infringement on property rights, aside from their misconduct toward plaintiff, which is so permanent and well-settled as to constitute a custom or usage with the force of law.

30. Defendants John Doe 1-10 and Jane Doe 1-10's decision to invade plaintiff's home without a warrant and destroy her property was subject to review by the municipality's authorized policymakers, who have retained the authority to measure the official's conduct for conformance with their policies. Even after plaintiff filed an accident report and the damage to her property was conceded and documented by Detective Cooper, the authorized policymakers approved a subordinate's decision to invade and damage plaintiff's property by ratifying such conduct- by failing to properly train and/or discipline the NYPD officials

responsible and failing to compensate plaintiff for this constitutional violation and property damage. As such the above misconduct is chargeable to the municipality.

31. Plaintiff seeks $263,000 in compensatory damages; 5 million emotional damages and 5 million dollars punitive damages for the above malicious conduct.

### THIR CAUSE OF ACTION- NEGLIGENCE AGAINST JOHN DOE 1-10, JANE DOE 1-10, OFFICER MCCOY DETECTIVE COOPER, AND THE CITY OF NEW YORK; AND FRAUD AGAINST DETECTICE COOPER

32. Plaintiff repeats and realleges all of the aforementioned allegations

33. Despite Detective Cooper signing a police report that indicated she and PO McCoy observed the damage at plaintiff's house that was caused by NYPD officials; two punched holes in plaintiff's pool; several rips in the lining of the pool; and damage to plaintiff's garage door caused by NYPD officers- plaintiff only received false assurances by Detective Cooper that the City of New York would compensate plaintiff for the damages caused.

34. Defendants, as NYPD law enforcement officers, owed plaintiff a duty not to engage in a warrantless entry of her home and to refrain from destruction of her property upon gaining entry to said premises.

35. Defendants caused severe property damage to plaintiff's pool, home and furniture as set forth above.

36. Defendants' conduct fell far short of what a reasonable law enforcement official would due in under such circumstances, to protect plaintiff from foreseeable risks of harm.

37. Defendants' misconduct was compounded by the fact that every time plaintiff inquired about being compensated for the damages that defendants caused, she was misled and misadvised by Detective Cooper that the Comptroller would handle the issue of compensation. However this information was false, intended to mislead plaintiff, and did mislead plaintiff.

38. This was a material misrepresentation of a fact and Detective Cooper had knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages.

39. The defendants' conduct severely decreased the value of plaintiff's home which she could not afford to repair and, at the time she sold the home, was forced to sell the home for far less than it would have been worth had defendants not caused such extensive damage.

40. Defendants' conduct was a foreseeable and proximate cause of plaintiff's injuries, and a breach of the duty that law enforcement officers owe to members of the public- which duty includes refraining from warrantless and illegal searches and destruction of property.

41. Plaintiff suffered emotional injuries for the stress and anxiety caused by defendants' actions in the amount of 5 million dollars. Plaintiff took a loss on the sale of her home of $263,000 due to defendants' destruction of her property, furniture, pool etc. and has now been forced to retain counsel.

42. Hence, plaintiff seeks compensatory damages in the amount of $263,000 plus attorneys fees. Plaintiff seeks punitive damages in the amount of 5 million dollars for their malicious destruction of her property during the illegal entry into her home.

FOURTH CAUSE OF ACTION-NEGIGENT INFLICTION OF EMOTIONAL DISTRESS

43. Plaintiff repeats the allegations set forth above.

44. John Does 1-10, Jane Does 1-10, and the City of New York were utterly negligent in the way they destroyed plaintiff's property; they were malicious when they purposely destroyed plaintiff's furniture and pool before hurling her furniture into her broken pool.

45. This search of plaintiff's home was warrantless and a violation of the 4th amendment- which prohibits unlawful seizure; and a violation of my 14th amendment due process rights- which bars state actors from destroying her property without due process of law.

46. The negligence of these law enforcement officials and the City of New York caused plaintiff serious emotional distress and anguish.

47. Detective Cooper actively misled plaintiff by falsely claiming she filed a claim with the Comptroller, claiming plaintiff would receive a number from the Comptroller and be compensated.

48. That was a total fraud, aimed at misleading plaintiff into missing her notice of claim deadline- and causing plaintiff to expend time and energy

filing a motion to the court to obtain leave to file late notice of claim (which was granted).

49. Plaintiff seeks $5 million punitive damages; $5 million emotional damages; and compensatory damages of $263,000 (the loss she took on my house because the damage) plus attorneys fees.

50. Plaintiff demands trial by jury.

Dated: October 12, 2017           /s/Tamara Harris
                                  The Law Office of Tamara M. Harris
                                  111 Broadway, Suite 706
                                  NY, NY 10006

## VERIFICATION

I, TAMARA HARRIS, depose and affirm that the foregoing verified complaint is true to the best of my knowledge based on interviews with plaintiff. I am signing this verification on her behalf because she resides in a county other than where I maintain my office.

/s/Tamara Harris